HOUSTON & TEXAS CENTRAL RAILROAD CO. v. ALEXANDER SUESS.

Delivered October 22, 1896.

**1. Master and Servant—Personal Injury—Negligence of Fellow Servant.**
The master can not be held liable for personal injury to the servant resulting from the negligence of a fellow servant, where it is shown that such fellow servant was a careful, prudent person and competent workman.

**2. Same—Allegata and Probata—Negligence Not Alleged.**
Where plaintiff's petition against the master for personal injury alleged such injury to have resulted from the carelessness and incompetency of a fellow servant, he is not entitled to recover upon proof showing negligence in the foreman in ordering the fellow servant to do the act which caused the injury, such matter not being alleged in the petition.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Baker, Botts, Baker & Lovett* and *Frank Andrews*, for appellant.— The uncontroverted testimony in this case shows that whatever injuries the plaintiff received were occasioned and caused by the carelessness and negligence of the person operating the hammer, by which he alleges to have been injured. The two were fellow servants with each other, and under the facts and the law in the case the plaintiff is not entitled to recover.

*Wm. H. Crank*, for appellee.—The verdict is fully sustained by the evidence. All questions of contributory negligence, negligence of fellow servant and negligence of defendant were submitted as questions of fact to the jury in the charge of the court, and the jury having passed upon them, their verdict will not be disturbed. Railway v. Laverty, 4 Texas Civ. App., 75; Ward v. Bledsoe, 32 Texas, 251; Simonton v. Foster, 35 Texas, 585; Railway v. Lee, 69 Texas, 560; Harris County v. Campbell, 68 Texas, 26; Owens v. Railway, 67 Texas, 681.

GARRETT, CHIEF JUSTICE.—This action was brought by Alexander Suess, by his mother, Margaret Suess, as next friend, against the appellant to recover damages for personal injuries received by him while in its employment. Appellee was employed as a laborer in the plumbing shop, a department of the appellant's machine and repair shop at Hous-

ton.   At the time of the injury, he was sixteen years of age and a helper in the plumbing shop, but his duties did not confine him to that shop, and he would be required sometimes to go into other shops in discharge thereof.   He and the superintendent or foreman of the plumbing shop were engaged in preparing some lead to make solder, and under the direction of the foreman they went into the blacksmith shop to cut the lead into small pieces under a steam hammer operated there.   The hammer was operated by means of a lever which was worked by a boy. The foreman directed the boy as to raising and lowering the hammer. He instructed the appellee to put a piece of lead under the hammer, and when the appellee had done so and was about to withdraw his hand, the boy operating the hammer pulled the lever and the hammer came down and caught his hand and injured it.   The petition averred that the injury resulted from negligence on the part of the defendant in failing to use reasonable care in the selection and employment of the servant in charge of the steam hammer, who, from lack of skill and discretion, let down the hammer too soon and without allowing plaintiff a reasonable time to withdraw his hand; and because plaintiff's employment and the character of his work and the place of performing the same were by the superintendent changed and rendered more hazardous and dangerous and the risk thereof increased.

We see no error in the charge of the court below for which the judgment ought to be reversed.   It is subject to criticism for its generality and failure to define the issues with particular application to the facts of the case, but it is abstractly correct.

Upon the error assigned, however, that the judgment is not supported by the evidence, it should be reversed.   The uncontradicted evidence shows that the boy who was operating the steam hammer at the time appellee was injured was a careful, prudent and competent person for the work, and his competency and efficiency are not questioned by any witness.   Appellee testified that the accident was caused by the carelessness of the boy, but the boy was clearly the fellow-servant of appellee.   As to the other ground of liability alleged in the petition, it was also shown without contradiction that the appellee's duties frequently called him to the blacksmith shop, and to do this very kind of work he was doing at the time he was injured; that they were not changed or rendered more hazardous by the foreman requiring him to go into that shop and help cut the lead at the steam hammer.

It is sought, however, to maintain the judgment because there was evidence to support a finding that the foreman was negligent in ordering the hammer down before appellee had time to withdraw his hand. Appellee's own testimony attributes the injury to the negligence of the boy at the lever in misunderstanding the order of the foreman, but the foreman testified that he gave the order when the hammer was let down. There is no allegation in the petition, however, that the injury resulted from the negligence of the foreman in ordering the boy at the lever to let the hammer down too soon, so evidence to that effect must be disre-

garded. It is not necessary to pass upon the action of the court in recalling the appellee as a witness after the argument had begun, as it is not likely to be repeated upon another trial of the case.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*